**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD LOCKLEAR,
<u>Plaintiff-Appellant,</u>

v.

WHITEVILLE, N.C., The Town of, a
municipal corporation; JOHN
RAYNOR, Chief, in his official
capacity and individually; JEFF B.
EMORY, in his official capacity as
city manager and individually;

RANDALL ARAGON, as Chief of
Police of the Town of Whiteville in
his official capacity and
individually,
<u>Defendants-Appellees,</u>

and

THE TOWN COUNCIL OF THE TOWN OF
WHITEVILLE, N.C.,
<u>Defendant.</u>

No. 96-2642

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-95-31-7-BR)

Argued: March 2, 1998

Decided: April 21, 1998

Before HAMILTON, Circuit Judge, BUTZNER,
Senior Circuit Judge, and MOON, United States District Judge for
the Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Woodberry Lennon Bowen, BOWEN & BERRY, Lumberton, North Carolina, for Appellant. Patricia Lee Holland, CRANFILL, SUMNER & HARTZOG, L.L.P., Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Locklear appeals the district court's entry of summary judgment in favor of the Town of Whiteville, North Carolina and several present and former officials of Whiteville\* (collectively, the Defendants) in this action arising out of the termination of Locklear's employment with the Whiteville Police Department. Locklear alleged seven causes of action against the Defendants, each of which has its genesis in Locklear's assertion that his employment was wrongfully terminated because he complained about a former supervisor's misuse of Whiteville Police Department time cards. Locklear's causes of action alleged: (1) substantive due process violations in contravention of both the United States Constitution and the North Carolina Constitution; (2) procedural due process violations in contravention of both the United States Constitution and the North Carolina Constitution; (3) wrongful discharge in violation of North Carolina public policy; (4) occupational liberty interest violations in contravention of the

_____

\*Specifically, Locklear asserts causes of action against John Raynor, former Chief of Police of Whiteville; Jeff Emory, the City Manager of Whiteville; and Randall Aragon, current Chief of Police of Whiteville.

2

North Carolina Constitution; (5) equal protection violations in contravention of both the United States Constitution and the North Carolina Constitution; (6) breach of the covenant of good faith and fair dealing in violation of North Carolina common law; and (7) civil conspiracy in violation of North Carolina common law. The district court rejected each of Locklear's substantive claims, holding, in part, that Locklear had not shown that his termination was causally related to his "whistleblowing" activities.

We have carefully examined the record, the briefs, the arguments of counsel, and the opinion of the district court. We agree with the district court that Locklear has failed to establish any of the violations he alleges and, therefore, affirm on the reasoning of the district court. See Locklear v. Town of Whiteville, No. 7:95-CV-31-BR(2) (E.D.N.C. Oct. 15, 1996).

AFFIRMED

3